## INGRAM *v.* MOORE et al., Executors.

In a proceeding by a creditor, who had obtained judgment against a succession represented by executors, instituted against the latter in the Probate Court, to compel them to sell sufficient property to pay his claim and to file an account, proof that their accounts had been homologated and a judgment rendered discharging them and authorising the delivery of the estate to the widow and heirs, where the application of the executors was never advertised, and the proceedings were *ex parte* as to the creditors having been carried on between the executors and the widow and heirs alone, will not authorize the dismissal of the proceedings at the cost of the creditor, though, by the recovery of a judgment against the widow and heirs in a suit against them instituted subsequently to the commencement of the proceedings in the Probate Court, the controversy is important only so far as the costs are concerned.

APPEAL from the Court of Probates of Rapides, *Brewer*, J. *Elgee* and *Hyams*, contended that judgments of Probate courts homologating

the accounts of executors, or releasing them from their responsibilities, rendered without notice to creditors, are not binding on any one not notified. *Baillio* v. *Wilson*, 8 Mart. N. S. 347. *Marchaud* v. *Gracie*, 2 La. 148. *Gillespie* v. *Day*, 14 La. 290. *Tait* v. *Lewis*, 2 Rob. 351. *Succession of Milne*, 2 Rob. 386. *Carrollton Bank* v. *Kerr*, 9 Rob. 123.

*O. N. Ogden*, for the defendants. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff having obtained judgments against the succession of *Winn*, represented by his executors. after waiting a considerable time for payment, cited the executors to show cause why property of the succession should not be sold to pay the plaintiff's claim, and why they should not be ordered to file an account. To this proceeding the executors excepted, that they had surrendered the whole property and effects to the widow in community and tutrix, had rendered an account to her, and that the same had been homologated, and they discharged. At the trial, it was proved that the executors had so delivered the property, and rendered accounts which had been approved. But it was also shown that, although the plaintiff, and several other creditors, had obtained judgments contradictorily with the executors, the application by the executors for the homologation of their account and discharge; and for leave to deliver the estate to the widow and heirs, had never been advertised. Those proceedings were conducted between the executors and the widow and heirs alone, and were entirely *ex parte*, so far as the creditors were concerned. There was judgment dismissing the proceeding at the plaintiff's costs, upon the ground that the estate had been delivered to the widow and heirs, and the executors had been discharged. From this judgment the plaintiff has appealed.

We have already given judgment in the case of *Ingram* v. *Richardson et al.*, *ante* p. 839; and the present controversy, as the plaintiff's counsel has acknowledged in argument, is no further important to his client than as a question of costs. We do not, therefore, think it necessary to express an opinion as to the responsibility the executors incurred by giving up the estate without notifying the creditors, nor as to the effect against creditors of the judgment of homologation. Considering the matter with reference to costs, we are of opinion that the judgment of the court below was erroneous in that particular. There were executors who had been duly qualified and had taken possession of the estate. Contradictorily with them the plaintiff had obtained judgments, which, by the express terms of the judgments, the executors had been ordered to concurrently with other chirographic claims. Never having had any notice of an account or application for discharge, the plaintiff had a right to suppose them to be still in office, and cite them as the representatives of the succession; and when he is informed by their plea that they are discharged, and by the evidence at the trial that the decree of the Court of Probates has been executed by the delivery of the property to the heirs, a matter which did not appear of record, it was incorrect to inflict costs upon him.

It is therefore decreed that the judgment of the court below be reversed, so far as it condemns the plaintiff to pay the costs of suit; and that the said costs, and those of this appeal, be paid by the said defendants.